### BEYER v. BRAENDER.

*(Superior Court of New York City, General Term.  January 6, 1890.)*

VENDOR AND VENDEE—RIGHTS OF VENDEE—DEFECTIVE TITLE.

In an action on a contract for the sale of land, it appeared that the vendor tendered a warranty deed on the day the sale was to have been completed, but that it was refused by the vendee on account of an alleged defect of title. There was some correspondence between the parties afterwards; but 10 days after the tender the vendee stated that he could not take the title, and proposed to rescind the contract. A few days later the vendor conveyed to another person. *Held* that, in the absence of any showing that the vendor's title was in fact defective, the vendee could recover neither the money paid by him on the execution of the contract, nor his counsel fees in having the title examined.

On exception from jury term.

Action by Leopold Beyer against Philip Braender to recover money paid on the execution of a contract to convey land. The court dismissed the complaint, to which plaintiff excepted.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*George A. Strong*, for plaintiff.  *Philip L. Wilson*, for defendant.

INGRAHAM, J.  The contract for the sale of the property was to have been performed on the 10th of October, 1888, and on that day counsel for the purchaser requested further time to examine the title to the property, which being refused, counsel for the vendor tendered a warranty deed of the premises in question. and handed the same to the counsel for the vendee, who examined it, and handed it back to the counsel for the vendor, saying: "We decline to accept this deed. We refuse to take this title. I do not consider that Mr. Braender has a good and marketable title to these premises." To which counsel for the vendor replied: "Very well. We stand upon our contract and our title." Subsequent to that time the counsel for the respective parties had correspondence as to the purchaser accepting the title; but on October 20, 1888, counsel for the vendee stated that he could not take the title, and

then proposed to cancel and rescind the contract, and that the defendant should repay the $1,000 which has been paid on the execution of the same, and pay $100 for the examination of the title, which was refused; and this action is brought to recover the amount paid on the execution of the contract.

At no time did the plaintiff ever offer to perform, nor does it appear that he was ever able to perform, his contract. He rests his refusal solely in a defect in the title. It was not claimed on the argument before us that the defendant's title was defective, or not marketable. It further appeared that on the 18th of October defendant had executed a contract to sell the same premises to another person, which contract was finally completed by the delivery of a deed on the 30th of October of the same year. To entitle plaintiff to recover in this action, he must show that the defendant failed to complete his contract; the defendant must be in default. The facts, however, conclusively show that the defendant was not in default, but that it was the plaintiff who was in default. Defendant was ready to complete his contract—deliver a deed of the premises—on the day that the contract was to be completed, and from that time down to the 30th of October, when he conveyed the premises to another purchaser, could have at any time complied with his contract. On the refusal of the plaintiff to accept the deed, on the 10th of October, the defendant was justified in assuming that the plaintiff had broken the contract, and treated it as at an end; and that, followed by the absolute refusal to accept the title on the 20th of October, and the demand for the repayment of the money paid on the execution of the contract, and the damages sustained by the plaintiff, was a final breach of the contract. The subsequent letters between counsel for the parties did not in the slightest degree change the relations that then existed. The request in the letter of October 25th was merely for the sale of another house, and had nothing to do with the premises in question. The exceptions should therefore be overruled, and judgment ordered on the verdict, with costs.